CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 16 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES A. SNIPES,<br>Plaintiff, | Civil Action No. 7:06-cv-00418 |
| v. | DISMISSAL ORDER |
| DANVILLE CITY POLICE CHIEF,<br>et al.,<br>Defendant(s). | By: Hon. James C. Turk<br>Senior United States District Judge |

Upon review of the record, the court concludes that this matter must be dismissed without prejudice for failure to prosecute.

Plaintiff James A. Snipes, acting pro se, filed this action, pursuant to 42 U.S.C. § 1983, while he was incarcerated. After his release from prison on September 13, 2006, the court advised Snipes that he could no longer pay the filing fee through installments from his inmate trust account. Shortly thereafter, defendants filed an answer and a motion to dismiss. On September 26, 2006, court issued a notice to Snipes, advising him of defendants' motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and warning him that judgment might be granted for the defendants if he did not respond to the motion by filing affidavits or other documents contradicting the defendants' evidence or otherwise explaining his claims. The notice also advised Snipes that if he did not file some appropriate response to the motion, the court would assume that he did not wish to pursue the case any further and dismiss the action for failure to prosecute. Snipes did not file any written response to the motion. On September 28, 2006, however, the court received a payment of $350.00 to cover the filing fee in this case. As payment of the filing fee could be interpreted as a response and as an indication that snipes wished to pursue the case, the court did not dismiss the action at that

1

time. To ensure that Snipes had received notice of defendants' motion and that he did, in fact, intend to pursue the litigation, however, the court issued a second <u>Roseboro</u> notice. This time the court specifically advised Snipes that if he did not make a written response to defendants' motion within fifteen (15) days, the court would dismiss the case for failure to prosecute. The allotted time has elapsed, and the court has received no response from Snipes. The court interprets Snipes' lack of response as indicating that he does not wish to pursue this action any further.

In accordance with the foregoing, it is hereby

### ADJUDGED AND ORDERED

that this civil action is hereby **DISMISSED** without prejudice for failure to prosecute and is stricken from the active docket of the court.

The Clerk is directed to send certified copies of this order to plaintiff and to counsel of record for the defendants.

ENTER: This _16th_ day of November, 2006.

_/s/ James C. Turk_
Senior United States District Judge

2